UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANCES M. WOLF,

                Plaintiff,                            Case No. 15-cv-12530

v                                          Honorable Thomas L. Ludington

CAUSLEY TRUCKING, INC, et al.,

                Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
DENYING PLAINTIFF'S MOTION TO VACATE THE ADMINISTRATIVE DECISION**

Randy Rieck was a former Vice President and Director of Maintenance at Defendant Causley Trucking, a business owned by Mr. Rieck's uncle, Defendant Gregory Causley. Compl. ¶¶ 10-11. Mr. Rieck passed away on August 7, 2014. *Id*. at ¶ 9. After his death, Mr. Rieck's surviving spouse, Plaintiff Frances Wolf, applied for benefits under Causley Trucking's Death Benefit Only Plan (the "Plan"). Wolf was awarded $206,405.39. Unsatisfied with the benefits determination, Wolf filed an appeal with Causley, who upheld the benefits determination. Wolf proceeded to file suit in Michigan state court, which was subsequently removed by Defendants to this Court on July 16, 2015, who alleged that Wolf's claims were preempted by the Employee Retirement Income Security Act ("ERISA"). Wolf then filed an amended complaint on August 13, 2015.

On August 31, 2015 Defendants moved to dismiss all but the first count of Wolf's amended complaint, or all but Plaintiff's claim that Defendants wrongfully denied her benefits under the plan pursuant to ERISA. *See* ECF No. 11. Wolf then moved to remand the action to State Court on September 17, 2015. *See* ECF No. 13. On February 5, 2016, Wolf's motion to

remand was denied, and Defendants' motion to dismiss was granted in part and denied in part. *See* ECF No. 21. Plaintiff's denial of benefits claim (Count I) and her estoppel claim (Count IV) survived in their entirety, and her breach of fiduciary duty claim (Count II) survived in part.

The matter was referred to magistrate judge Patricia T. Morris. *See* ECF No. 31.  On August 16, 2016 the magistrate judge issued an order denying Plaintiff's procedural challenge, and determining that discovery outside of the record was not justified and would not be permitted as to Count I. *See* ECF No. 34.  The parties then filed cross-motions for summary judgment on December 16, 2016. *See* ECF Nos. 39, 40.  On March 23, 2017 the magistrate judge issued her report, recommending that Defendants' motion be granted and Plaintiff's motion be denied. *See* Rep. & Rec., ECF No. 47.  Plaintiff timely filed objections. *See* ECF No. 48.  For the reasons stated below, Plaintiff's objections will be overruled and the report and recommendation will be adopted.

**I.**

In her report and recommendation, the Magistrate Judge has summarized the factual and procedural background of the parties' dispute.  Because neither party has objected to that summary, it is adopted in full.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2).  Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act

solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

**A.**

Plaintiff's first objection concerns her claim that she was wrongfully denied benefits under the Plan pursuant to ERISA. Plaintiff argues that in recommending denial of her claim the magistrate judge erred in focusing too narrowly on the language of the Plan, and did not sufficiently consider general concepts of fairness. Plaintiff essentially argues that because of Defendant Causley's conflict of interest and his changing statements regarding the amount of benefits expected to be payable to Plaintiff, a more exacting standard of review should apply.

Plaintiff's argument is without merit. ERISA's civil enforcement provision permits a participant or beneficiary to bring a civil suit "to recover benefits due him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). "ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 91 (1983). "Under the arbitrary-and-capricious standard, the determination of an administrator will be upheld if it is rational *in light of the plan's provisions*." *McClain v. Eaton Corp. Disability Plan*, 740 F.3d 1059, 1064 (6th Cir. 2014) (emphasis added) (internal quotations and citations omitted). "[T]he conflict of interest inherent in self-funded plans does not alter the standard of review, but should be taken into account as a factor in determining whether the decision was arbitrary and capricious." *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir.

1998) (internal quotations and citation omitted).  Because the benefits awarded to Plaintiff were rational in light of the plan's provisions, her first objection will be overruled.

**B.**

In her second objection, Plaintiff argues that the magistrate judge did not address her broad claim that Defendants did not act in the best interest of the plan beneficiaries when determining the benefit award amount under 29 U.S.C. § 1104(a)(1)(A).  This objection is without merit, as the magistrate judge did address this argument in her report and recommendation. *See* Rep. & Rec. 15-18. The magistrate judge specifically addressed Plaintiff's claims that Causley (1) did not act in the best interest of the plan by lowering the death benefits amount to retain funds for himself and his company and (2) commingling assets of the Plan with assets of the company.  The magistrate judge concluded that, because the Plan provided that death benefits "shall be provided out of the general assets of the corporation," it was proper for Causley to deposit monies received from the insurance policy on Rieck into the general coffers of Causley Trucking.  If Plaintiff wished the magistrate judge to address another theory as to how Defendants did not act in the best interest of the plan beneficiaries, it was Plaintiff's responsibility to raise that argument before the magistrate judge.  Because Plaintiff did not do so, her objection is without merit.

Plaintiff also argues that the magistrate judge erred in rejecting her claim that Defendants wrongfully commingled the insurance proceeds with the general assets of Causley trucking.  However, as pointed out by the magistrate judge, there is no requirement that the assets of an employee benefit plan be held in trust where the assets of the plan consist of insurance contracts or policies.  29 C.F.R. § 2550.403b-1.  And as emphasized by Defendants, the Plan Documents establish that "the Corporation shall be designated as owner and the beneficiary of any [life

insurance] policies purchased and all rights and benefits accruing from such policies shall belong solely to the Corporation.  The Participant shall have no rights or interest in such policies." Am. Compl. Ex. A ¶ 3.  As a participant's surviving spouse, Plaintiff was entitled only to an amount "no less than the cash value of the policy…." Am Compl. Ex. B ¶ 1.  Plaintiff received all that she was entitled to under the Plan, and she has not demonstrated that Defendants' actions impaired the value of the Plan as a whole. *See LaRue v. DeWolff, Boberg & Associates, Inc.,* 552 U.S. 248 (2008). Plaintiff's second objection will be overruled.

## C.

In her third objection, Plaintiff repeats her argument that the magistrate judge did not sufficiently take into account Causley's conflict of interest in analyzing her breach of fiduciary duty claim.  This argument is again without merit because the magistrate judge did address Causley's conflict of interest in her report and recommendation. *See* Rep. & Rec. 15-18. Plaintiff's third objection will be overruled.

## D.

In her fourth and final objection Plaintiff argues that the Plan is not an ERISA governed employee welfare benefit plan and should have been remanded.  This argument has already been rejected at length by this Court. *See* ECF No. 21.  Plaintiff's fourth objection will therefore be overruled.

## III.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 48, are **OVERRULED.**

It is further **ORDERED** that the report and recommendation, ECF No. 47, is **ADOPTED**.

It is further **ORDERED** that the Defendant's motion for summary judgment, ECF No. 40, is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion to vacate the administrative decision, ECF No. 39, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 23, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager